IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FREEDOM HOLDING CORP., a Nevada Corporation f/k/a BMB MUNAI, INC.; and FFIN SECURITIES, INC., a Nevada Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ESTATE OF TOLEUSH TOLMAKOV, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:20-CV-67 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' request for interpleader and declaratory judgment. For the reasons discussed below, the Court declines to exercise jurisdiction over this action.

I.  BACKGROUND

This case concerns the estate of Toleush Tomakov and, more specifically, the disposition of assets belonging to the decedent that are held by Defendants. In this action, Defendants seek to interplead the contested assets into the registry of the Court and obtain declaratory relief. After this action was filed, a Utah state court in a previously filed probate action (the "probate action") ordered Plaintiffs to deposit the disputed assets into the registry of the state court. In a separate action, Plaintiffs purported to remove the probate action to this Court, but that case has since been remanded to state court. Thus, there are two cases—one before this Court and the other in state court—concerning the disputed assets.

1

II.  DISCUSSION

Plaintiffs seek to interplead the disputed assets and declaratory relief.  The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[1]  The Declaratory Judgment Act is "an authorization, not a command."[2]  It gives "the federal courts competence to make a declaration of rights," but does "not impose a duty to do so."[3]  The Supreme Court in *Brillhart* stated:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.[4]

Courts apply the *Brillhart* abstention doctrine to both interpleader actions and requests for declaratory relief.[5]

The Tenth Circuit has identified five factors the Court should consider when deciding whether to hear this action:

---

[1] 28 U.S.C. § 2201(a).

[2] *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962).

[3] *Id.*

[4] *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)

[5] *United States v. City of Las Cruces*, 289 F.3d 1170, 1181 (10th Cir. 2002) ("If the plaintiff only requests a declaration of its rights, not coercive relief, the suit is a declaratory judgment action for purposes of determining whether the district court has broad discretion under *Brillhart* to refuse to entertain the suit."); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp*, 108 F.3d 17, 21 (2d Cir. 1997); *NYLife Distribs., Inc. v. Adherence Grp., Inc.*, 72 F.3d 371, 382 (3d Cir. 1995).  While Defendants have asserted a claim for coercive relief, they have stated their intention to withdraw their counterclaim. Docket No. 54, at 4.

[1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.[6]

A.   SETTLE THE CONTROVERSY AND CLARIFY THE LEGAL RELATIONS

"[T]he inquiry into whether the declaratory judgment settles a controversy and clarifies the legal relationships at issue is designed to shed light on the overall question of whether the controversy would be better settled in state court."[7] "A federal court generally should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding."[8]

The only issue here is the ownership of the disputed assets. That issue is currently being litigated in the probate action. Plaintiffs admit that the probate action involves the same claims and the same parties with identical questions of law and fact.[9] There is no reason those questions cannot be decided by the state court. As a result, continuation of this "action will serve no useful purpose."[10]

---

[6] *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (quoting *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987)).

[7] *City of Las Cruces*, 289 F.3d at 1187.

[8] *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989); *see also Brillhart*, 316 U.S. at 495; *Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 982 n.3 (10th Cir. 2012) (stating that a district court should decline to exercise jurisdiction if "the state court action would necessarily resolve the issues in the declaratory judgment action").

[9] Docket No. 51, at 4–5.

[10] *ARW Expl. Corp. v. Aguirre*, 947 F.2d 450, 454 (10th Cir. 1991) (quoting *Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653, 657 (10th Cir. 1946)).

B.     PROCEDURAL FENCING AND RACE TO RES JUDICATA

"A district court may choose to avoid a declaratory judgment action because the plaintiff is using the action for procedural fencing."[11]  With the ongoing probate action, there is a risk that Plaintiffs are attempting to use this action for procedural fencing.  This action was filed long after the probate action was filed.  The state court has now ordered Plaintiffs to deposit the disputed assets into the state court registry, obviating the need for this action.

C.     INCREASED FRICTION BETWEEN FEDERAL AND STATE COURTS OR ENCROACH UPON STATE JURISDICTION

The Tenth Circuit has noted that state courts are generally "better situated" to resolve actions involving matters of state law.[12]  Here, the state court is better situated to resolve matters of probate.[13]  Moreover, this action "carries the danger of grave interference with the state proceedings."[14]  If this Court were to grant Plaintiffs' requested relief, it would interfere with the probate court's order regarding the disputed assets.[15]  "The likelihood of such interference is another justification for the refusal of jurisdiction."[16]

---

[11] *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1170 (10th Cir. 1995) (affirming dismissal where the insurer filed a declaratory judgment action one day before the insured promised to file a state court action).

[12] *Mid-Continent*, 685 F.3d at 986.

[13] *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006) (explaining that "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court").

[14] *City of Las Cruces*, 289 F.3d at 1190–91.

[15] *Marshall*, 547 U.S. at 311 (stating that "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume in rem jurisdiction over the same *res*")

[16] *City of Las Cruces*, 289 F.3d at 1191.

4

D.   ALTERNATIVE REMEDY

Finally, the Court considers whether there is an alternative remedy that is better or more effective. This factor requires the court to determine whether the state court is "simply better situated to provide complete relief to all parties involved in the . . . dispute."[17] Given the advanced nature of the state probate action and the recent order in that case concerning the disputed assets, it appears that "[t]he state proceedings would produce a 'more comprehensive and cohesive' remedy, because the rights of all, including the parties to the federal action, would be decided."[18]  For these reasons, the Court will abstain.

### III.  CONCLUSION

It is therefore

ORDERED that the Court declines to exercise jurisdiction over this action.  This action is dismissed without prejudice.

DATED this 4th day of May, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[17] *Mid-Continent*, 685 F.3d at 986.

[18] *City of Las Cruces*, 289 F.3d at 1191.